**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**DENROY THOMAS,**

**Plaintiff,**

**v.** **Case No. 4:25-cv-239-AW-MAF**

**JALEXIS POWELL,**

**Defendant.**

_____________________________________/

# ORDER ADOPTING REPORT AND RECOMMENDATION

Denroy Thomas, a pro se prisoner, sued prison official Jalexis Powell in her individual capacity. He claims Powell touched him "in a sexual way" in violation of the Eighth Amendment. ECF No. 6 at 6. Powell moved to dismiss, asserting qualified immunity and failure to state a claim. ECF No. 18. The magistrate judge issued a report and recommendation that concluded the court should grant the motion and dismiss. ECF No. 30. Having carefully considered the matter, and after a de novo review of the issues raised in Thomas's objections (ECF No. 31), I agree dismissal is appropriate.

Thomas is correct that a prison guard violates the Eighth Amendment when he commits a sexual assault against a prisoner. *See DeJesus v. Lewis*, 14 F.4th 1182, 1196 (11th Cir. 2021). And it is true that Thomas has alleged he "was sexually assaulted by said Powell." ECF No. 6 at 5. But that allegation is conclusory. And the nonconclusory allegations that Thomas offered—what Powell said, how she touched

Thomas's buttocks, and so on—are not sufficient to show an actual sexual assault occurred. At the very least, they are not sufficient to overcome qualified immunity. Therefore, as the magistrate judge explains, the claim is subject to dismissal based on qualified immunity.[1]

There is no reason to think Thomas could plead additional facts to change this. In neither his response to the motion to dismiss (ECF No. 21) nor his objections to the report and recommendation (ECF No. 31) has he suggested he left some facts out. Instead, his argument is that the facts he *did* plead are sufficient to show an Eighth Amendment violation—and to show the violation of clearly established law. But they are not.

I now adopt the report and recommendation and incorporate it into this order. The motion to dismiss (ECF No. 18) is GRANTED. The clerk will enter a judgment that says, "This case is dismissed based on qualified immunity." The clerk will then close the file.

---

[1] Thomas offered only *DeJesus* in support of his argument that the conduct violated clearly established law. ECF No. 21 at 4. But as the magistrate judge noted, *DeJesus* involved wildly different allegations and expressly left open the issue of whether "clothed sexualized touching"—what Thomas alleges here—would violate the Eighth Amendment. *DeJesus*, 14 F.4th at 1197 n.12 ("Some clothed sexualized touching *may* also qualify as 'sexual assault' in violation of the Eighth Amendment. But . . . those types of allegations will need to be viewed on a case-by-case basis to evaluate whether they allege a 'sexual assault' in violation of the Eighth Amendment." (emphasis added)).

SO ORDERED on September 18, 2026.

s/ *Allen Winsor*
Chief United States District Judge